IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NUMBER: 4:16cv199-DMB-JMV |
| v. | ) ) | |
| FAURECIA AUTOMOTIVE SEATING, LLC | ) ) | **JURY TRIAL REQUESTED** |
| Defendant. | ) | |

**COMPLAINT**

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Neda Sykes-Travis, Sadie Heard, Sheila Green, and a class of at least 8 other aggrieved individuals ("Claimants"), who were adversely affected by such practices.

As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant Faurecia Automotive Seating, LLC ("Defendant" or "Faurecia") discriminated against the Claimants by failing to hire them, by limiting, segregating or classifying them, and by screening them out on the basis of their disabilities or association with an individual with a disability.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the State of Mississippi and Defendant has continuously done business in the State of Mississippi. This Court by statute has jurisdiction of this lawsuit.

**PARTIES**

3. Plaintiff, the United States Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Faurecia has continuously conducted business in the State of Mississippi or sought to conduct business through facilities in the State of Mississippi including facilities in the cities of Madison and Cleveland, Mississippi. Defendant has continuously employed at least 15 employees.

5. At all relevant times, Defendant Faurecia has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5), 42 U.S.C. §§12111(5),

and 101(7) of the ADA, 42 U.S.C. §§12111 (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S. C. §§ 2000e(g) and(h).

6. At all relevant times, Defendant Faurecia has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Neda Sykes-Travis, Sadie Heard, and Sheila Green filed charges of discrimination with the Commission alleging violations of the ADA by Defendant.

8. On August 20, 2015, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that the ADA was violated with respect to Neda Sykes-Travis, Sadie Heard, and Sheila Green, as well as a class of employees and former Johnson Controls, Inc. ("JCI") employees who historically worked at the Madison, Mississippi facility. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On May 16, 2016, the Commission issued to Defendant Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to Claimants' charges.

10. All conditions precedent to the institution of this lawsuit has been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least January 2011, Defendant Faurecia engaged in unlawful employment practices at the Madison facility by subjecting Claimants to disparate treatment on the basis of

disability, in violation of Sections 102(a), (b)(1), (b)(4), and (b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1), (b)(4), and (b)(5)(B).

    a. Defendant Faurecia failed to hire the Claimants because they were disabled, regarded as disabled, have a record of a disability, and/or because of their association with an individual who has a disability, in violation of 42 U.S.C. § 12112(a), (b)(4) and (b)(5)(B).

    b. Defendant Faurecia, using information supplied by JCI, limited, segregated or classified the Claimants in a way that adversely affected their opportunities or status because of their disabilities, in violation of 42 U.S.C. § 12112(b)(1).

12. Defendant Faurecia's discriminatory employment practices include the following conduct:

    a. In January of 2011, Faurecia announced that it was acquiring the Madison facility of JCI. In anticipation of the transfer of ownership, Faurecia officials met with JCI's Madison employees.

    b. At the meeting, Faurecia's Director of Human Resources Shonagh Leonard informed JCI's hourly employees, including all of the Claimants, that Faurecia would consider all JCI Madison hourly employees for employment.

    c. Leonard stated that all employees were required to complete applications for employment at the WIN Employment Center in Canton, Mississippi and sign authorizations permitting Faurecia to review certain specified information in their JCI personnel files, including information regarding discipline and leave.

    d. Leonard promised that each JCI hourly or temporary employee who submitted an application would be individually interviewed.

e. Each Claimant executed an authorization permitting Faurecia to review JCI personnel documents. These documents included employment applications, performance evaluations or reviews, disciplinary records, earnings and payroll records, and documentation regarding job titles held.

f. In August of 2010, JCI hired an employee whose main responsibility was to examine employee records, identify employees who took sick leave and leave authorized under the Family Medical Leave Act (FMLA), and to list the number of days that they were absent.

g. JCI and Leonard reviewed the identified employee files and determined which individuals should not be hired by Faurecia because of the length of time they were on sick and FMLA leave.

h. JCI also created a point system to evaluate which employees used the most sick and FMLA leave.

i. In addition, JCI provided a list to Faurecia of all employees currently on leave from work (other than vacations of less than two weeks), including the name of the employee, the reason for the leave, the date the leave commenced, whether the leave was continuous or intermittent, and the date the employee was expected to return to work.

j. JCI also provided Faurecia with a list of job-related injuries in the plant over the prior three years.

k. Faurecia interviewed selected applicants on January 19 and January 29, 2011. During the first part of February, 2011, former JCI hourly employees were informed by letter

5

whether they were receiving offers of employment or whether their application for employment had been rejected.

    l. Each Claimant worked for JCI at the Madison plant for approximately six to eight years, ending February, 2011. After being advised that Faurecia was purchasing the JCI plant in Madison, Mississippi, each applied for employment with Faurecia and was interviewed. Faurecia notified each claimant by letter that they were not selected for hire. Faurecia gave the Claimants no reason for non-selection.

    m. All Claimants took sick leave or had absences authorized under the FMLA during the years 2009 and 2010 related to a medical condition or the medical condition of someone with whom they had an association.

13. At all relevant times, Claimants were qualified individuals with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

14. The effect of the practices complained of in paragraphs 11 through 13 above has been to deprive Claimants of equal employment opportunities and otherwise adversely affect their status as applicants and employees because of their disabilities.

15. The unlawful employment practices complained of in paragraphs 11 and 13 above were intentional.

16. The unlawful employment practices complained in paragraphs 11 through 13 were done with malice or with reckless indifference to the federally protected rights of the Claimants.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Faurecia, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from

engaging in any employment practice that discriminates on the basis of disability, including the practice of rejecting an applicant without undertaking an individualized assessment prior to disqualifying an individual from working.

    B.    Order Defendant Faurecia to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, individuals with a perceived disability, and/or individuals with an association with a person with a disability, and which eradicate the effects of their past and present unlawful employment practices.

    C.    Order Defendant Faurecia to make whole Claimants by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement.

    D.    Order Defendant Faurecia to make whole Claimants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 through 16 above, including but not limited to relocation expenses, job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

    E.    Order Defendant Faurecia to make whole Claimants by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of paragraphs 11 through 16 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses, in amounts to be determined at trial.

F.     Order Defendant Faurecia to pay Claimants punitive damages for its malicious and reckless conduct described in paragraphs 12 through 16 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

C. Emanuel Smith (MS 7473)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2045
Fax: (205) 212-2041
emanuel.smith@eeoc.gov

      /s/ Marsha L. Rucker
MARSHA L. RUCKER (PA 90041)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2046
Fax: (205) 212-2041
marsha.rucker@eeoc.gov

ATTORNEYS FOR PLAINTIFF

9