IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EQUAL EMPLOYMENT  PLAINTIFF
OPPORTUNITY COMMISSION

V.  NO. 4:16-CV-00199-DMB-JMV

FAURECIA AUTOMOTIVE SEATING,
LLC  DEFENDANT

## ORDER GRANTING MOTION TO SEAL

On February 3, 2017, Faurecia Automotive Seating, LLC, filed an "Unopposed Motion for Leave to File Documents Under Seal." Doc. #18. The motion will be granted.

**I**
**Procedural History**

On September 30, 2016, the Equal Employment Opportunity Commission filed a complaint in this Court against Faurecia Automotive Seating, LLC, on behalf of "at least" eleven individuals. Doc. #1. The complaint alleges that Faurecia violated the Americans with Disabilities Act by "failing to hire [the plaintiffs], by limiting, segregating or classifying them, and by screening them out on the basis of their disabilities or association with an individual with a disability." *Id*.

On January 13, 2017, Faurecia filed a motion to transfer venue to the Southern District of Mississippi, arguing, among other things, that "every single claimant resides in the Southern District." Doc. #13 at 2. As support for this statement, Faurecia attached a document, Exhibit C, to its motion which includes the names and addresses of approximately twenty-five individuals it identified as "charging parties," a designation this Court presumes refers to individuals who filed EEOC charges against Faurecia. Doc. #11-3; Doc. #13 at 9 n.9. The EEOC responded in

opposition to the motion on January 26, 2017, and Faurecia replied on February 2, 2017. Doc. #15; Doc. #17.

On February 3, 2017, Faurecia filed an unopposed motion to seal Exhibit C to its motion to transfer venue. Doc. #18.

## II
## Applicable Standard

Rule 79 of the Uniform Local Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Rule 79 instructs that "[n]o document may be sealed merely by stipulation of the parties." *Id*. at 79(d). Though "[a] confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule," "[a] statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." *Id*. at 79(d), (b). In considering whether to grant a motion to seal, there is a "presumption in favor of the public's access to judicial records," and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common-law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993). However, "[b]ecause the public's interest in nondispositive matters is relatively low, a party seeking to seal a document attached to a nondispositive motion or outcome need only demonstrate good cause." *360 Mortg. Grp., LLC v. Bivona-Truman*, No. 1:14-cv-847, 2016 WL 7616575, at *1 (W.D. Tex. May 24, 2016) (collecting cases).

## III
## Analysis

Faurecia seeks leave to seal Exhibit C in order "to protect against the public disclosure of

2

personal information." Doc. #18 at ¶ 4. In its motion,[1] Faurecia represents that the requested relief is unopposed and serves "the interest of narrowly protecting the Charging Part[ies'] personal information." *Id*. at ¶¶ 4–5.

As a general matter, "personal information (name, date of birth, social security number, address, work history, telephone number) triggers a privacy right that creates good cause for sealing." *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-3078, 2015 WL 3993147, at *11 (N.D. Cal. June 30, 2015); *see Schaechtel v. Md. Div. of Corr.*, No. 14-2099, 2015 WL 5331254, at *1 n.1 (D. Md. Sep. 9, 2015) ("Given obvious confidentiality considerations, personal information regarding all home addresses shall immediately be placed under seal ...."). While the Court questions whether the name and addresses of a plaintiff will provide good cause to seal a document, there is no indication that all (or even most) of the individuals identified in Exhibit C are litigants in this litigation. The Court believes that the interest in protecting the private information of these individuals far outweighs the public's interest in the document and the Court's role in deciding Faurecia's non-dispositive motion. Accordingly, the Court concludes that good cause exists to seal Exhibit C. Faurecia's motion to seal [18] is **GRANTED**.

**SO ORDERED**, this 10th day of February, 2017.

                                       **/s/ Debra M. Brown**
                                       **UNITED STATES DISTRICT JUDGE**

---

[1] Faurecia's motion "requests that [Faurecia] be relieved from the requirements of submitting a supporting memorandum as mandated by Local Uniform Civil Rule 7(b)(4)." However, in violation of Local Rule 79, Faurecia did not submit its motion with a non-confidential supporting memorandum or a proposed order. *See* L.U. Civ. R. 79(e)(3). Nevertheless, because the document to be sealed is already filed on the docket and because Faurecia's motion states sufficient grounds for sealing, the Court will excuse these procedural deficiencies this time in the interest of judicial efficiency. The parties are cautioned that any future requests to seal must comply with Local Rule 79.